UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

In re:

DEREK KORBE,   Case No.: 15-01540

    *Debtor.*

ORDER OVERRULING TRUSTEE'S OBJECTION TO DEBTOR'S TREATMENT OF
STUDENT LOAN DEBT

    Stephen L. Klimjack, Attorney for Debtor, Mobile, AL
    Chris Conte, Attorney for Trustee Daniel B. O'Brien, Mobile AL
    Daniel B. O'Brien, Trustee, Mobile, AL

This matter is before the Court on the Chapter 13 trustee's objection to the debtor's treatment of his student loan debt in his proposed plan. The Court has jurisdiction to hear this matter pursuant to 28 U.S.C. §§ 1334 and 157 and the Order of Reference of the District Court. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(L) and the Court has the authority to enter a final order. For the reasons stated below, the trustee's objection is OVERRULED.

FACTS

The debtor filed this chapter 13 petition on May 16, 2015. On July 9, 2015, the Court held a confirmation hearing in this case on the plan proposed by the debtor. Under the terms of the plan, the debtor would pay his student loan debt directly to AES/Ed South ("AES") and would pay all other unsecured nonpriority claims through the Chapter 13 trustee at 100%. Student loan debt is not dischargeable in a chapter 13 bankruptcy, so normally student loan debt is classified and paid through the plan as unsecured nonpriority debt, and any amount not paid through the plan is not discharged upon completion of the plan. The debtor here wants to keep his student loan debt current and pay it directly in order to minimize the amount of interest and trustee's fees. The trustee

1

orally objected to the different treatment being given to the student loan debt and the other unsecured debt.

## LAW

Under 11 U.S.C. § 1322(b)(1), a chapter 13 plan may "designate a class or classes of unsecured claims, as provided in section 1122 of this title, but may not discriminate unfairly against any class so designated . . . ." By electing to pay his student loan debt direct, the debtor has separately classified that debt and is treating it differently from other unsecured claims. However, where the debtor proposes to pay all of his other general unsecured nonpriority claims at 100%, paying the student loan debt direct does not constitute *unfair* discrimination against the other unsecured claims. See In re Potgieter, 436 B.R. 739 (Bankr. M.D. Fla. 2010); In re Carlson, 2012 Bankr. Lexis 4131 (Bankr. D. Vt. Sept. 6, 2012). In fact, if the debtor were to pay his student loan through the plan, the general unsecured nonpriority claims would be paid at less than 100%, leaving the unsecured creditors worse than under the plan as proposed. Under the facts of this case, where all other general unsecured nonpriority claims are being paid at 100%, it is not unfair to separately classify the student loan debt and pay it directly.

## CONCLUSION

Therefore, the trustee's objection is OVERRULED. Other issues remain, so the Court is not ruling on confirmation at this time.

Dated: July 24, 2015

HENRY A. CALLAWAY
CHIEF U.S. BANKRUPTCY JUDGE